UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WASHINGTON,

        Petitioner,

v.   CIVIL ACTION NO. 03-CV-40287-FL
HONORABLE PAUL V. GADOLA

PAUL RENICO,

        Respondent.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

Petitioner has filed a motion for a certificate of appealability concerning this Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard

1

by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Petitioner raises claims concerning his confrontation rights, the effectiveness of counsel, and the exclusion of evidence in his petition. Although the Court continues to believe that it was correct in denying habeas relief on the merits of those claims, it finds that Petitioner has made a substantial showing of the denial of a constitutional right concerning those claims.

Petitioner also raises claims concerning an alternate juror and prosecutorial misconduct in his petition. As discussed in this Court's opinion and order, those claims are barred by procedural default as Petitioner failed to properly preserve those claims in the state courts and failed to establish cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *see also Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). The Court thus concludes that Petitioner has not shown that reasonable jurists would find the Court's procedural ruling on those two claims debatable or that Petitioner has made a substantial showing of the denial of a constitutional right as to those two claims.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's motion for a certificate of appealability. Specifically, a certificate of appealability is granted as to Petitioner's confrontation, ineffective assistance, and evidentiary claims and denied as to Petitioner's alternate juror and prosecutorial misconduct claims.

**IT IS SO ORDERED.**

s/Paul V. Gadola  
PAUL V. GADOLA  
UNITED STATES DISTRICT JUDGE

DATED:   April 20, 2005

---

Certificate of Service

I hereby certify that on   April 21, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Laura G. Moody                                     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                 James S. Lawrence                            .

s/Ruth A. Brissaud  
Ruth A. Brissaud, Case Manager  
(810) 341-7845